UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62064-RAR/Strauss

**MUNAWAR TOHA**,

    Petitioner,

v.

**MARK S. INCH,** *Secretary,*
*Florida Department of Corrections, et al.*,

    Respondents.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared Strauss's Report and Recommendation [ECF No. 13] ("Report"), filed on September 15, 2022. The Report recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] ("Petition"), filed by Petitioner, Munawar Toha, on October 9, 2020. *See* Report at 1, 30. The Report properly notified Petitioner of his right to object to Magistrate Judge Strauss's findings. *Id.* at 30-31. Petitioner timely filed objections to the Report [ECF No. 14] ("Objections") on September 29, 2022. The Court having carefully reviewed the Report, the Objections, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 13] is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of

the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Upon due consideration of the record, including Judge Strauss's Report and Petitioner's Objections thereto, the Court overrules the Objections and adopts the Report. The Objections dispute two aspects of the Report's analysis related to Petitioner's *Strickland* claims: 1) whether law enforcement fostered an expectation of privacy during Petitioner's jail phone conversation sufficient to prevail on a motion to suppress, and 2) whether the failure of Petitioner's counsel to propose a *motion in limine* excluding evidence of the black bag and tape would have been granted by the state court had defense counsel raised it. *See* Obj. at 1-2. A careful review of the Report and underlying record clearly indicates that Magistrate Judge Strauss properly analyzed the relevant law in this case while giving due deference to the state court as mandated by AEDPA.

Petitioner first objects to the Report's conclusion that "law enforcement did not foster an expectation of privacy," and therefore trial counsel did not perform deficiently under *Strickland*. *See id.* at 1. Petitioner reraises his assertion that *Cox v. State* supports his objection. *See id.* The Report, however, correctly identifies multiple reasons as to why the facts of Cox "are not at all analogous." *See* Report at 18-19. Importantly, the state court "reasonably found that Petitioner's trial counsel was not ineffective for not seeking to exclude the recordings on expectation-of-privacy grounds." *Id.* at 20.

Petitioner next makes a conclusory assertion that the evidence of the black bags and tape was unfairly prejudicial, should have been excluded, and was insufficiently connected to the items

found with the victim. Obj. at 2. Yet, the Report provides extensive analysis demonstrating why the inclusion of that evidence was not unduly prejudicial. Report at 23-28. Moreover, the Report correctly applies the AEDPA standard of review, finding that the state court "did not unreasonably apply *Strickland*." *Id*. at 28.

Finally, the Report recommends denying a certificate of appealability, which Petitioner has not objected to. *See id*. at 30.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 13] is **AFFIRMED AND ADOPTED**.

2. Petitioner's Petition [ECF No. 1] is **DENIED**.

3. Any request for a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, an evidentiary hearing is **DENIED**.

4. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

5. Accordingly, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of October, 2022.

RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: counsel of record
 Magistrate Judge Jared Strauss